The power that creates offices can destroy them. *Ellis et al.* v. *The State*, 4 Ind. R. 1.

If, however, we are wrong in this upon general principles, still it was competent for the people, by a new constitution or form of government, to abrogate or shorten the terms of existing offices, because the power to do so was expressly reserved in the prior constitution. In section 2 of article 1 of the constitution of 1816, it is declared that the people "have, at all times, an unalienable and indefeasible right to alter or reform their government, in such manner as they may think proper."

The reservation of power to alter, is here as ample as that contained in any charter of incorporation granted by the legislature.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Morrison*, for the appellant.

*R. Lowry*, for the state.

<em>Nov. Term,<br>1855.</em><br><br>Watson<br>v.<br>The State.

---

## WATSON v. THE STATE.

APPEAL from the *Marion* Circuit Court.

*Per Curiam.*—This case is precisely like that of *Everett* v. *The State*, 6 Ind. R. 495, and the judgment below is reversed for the reasons there given, and the cause remanded with same order and to take the same course.

*T. D.* and *R. L. Walpole*, for the appellant.

*J. W. Gordon*, for the state.

<em>Friday,<br>December 7.</em>